**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RANA PARTAP,

　　　　　　　*Petitioner,*

　　　　v.

ERIC H. HOLDER JR., Attorney
General,

　　　　　　　*Respondent.*

No. 05-75777

Agency No.
A072-132-686

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
March 11, 2010—San Francisco, California

Filed May 10, 2010

Before: Ferdinand F. Fernandez, Sidney R. Thomas, and
Consuelo M. Callahan, Circuit Judges.

Per Curiam Opinion

## COUNSEL

Martin Avila Robles, San Francisco, California, Marie Kayal, San Francisco, California, for the petitioner.

Ronald E. LeFevre, San Francisco, California, Virginia Lum, San Francisco, California, Manuel Palau, Washington, DC, for the respondent.

## OPINION

PER CURIAM:

Rana Partap, a native and resident of India, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's denial of his claim for cancellation of removal and denying his motion to remand. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

**[1]** Partap contends that the BIA erred in holding that his then-unborn daughter did not constitute a qualifying relative under 8 U.S.C. § 1229b(b)(1)(D). That provision requires non-permanent resident applicants for cancellation of removal to demonstrate "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." The term "child" for purposes of cancellation of removal is defined in 8 U.S.C. § 1101(b)(1). We have previously rejected a "functional approach to defining the term 'child' " and have noted that the section:

> simply does not contemplate the cancellation of removal based on the hardship to be suffered by a "de facto" child. Rather, cancellation of removal is appropriate only if the detailed statutory definition of "child" is met.

*Moreno-Morante v. Gonzales*, 490 F.3d 1172, 1176-78 (9th Cir. 2007); *see also Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1144-45 (9th Cir. 2002). In addition, § 1229b(b)(1)(D) requires that the qualifying relative be "a citizen of the United States." Citizenship status requires birth in the United States or naturalization, under both the Constitution and the governing statute. *See* U.S. Const. amend. XIV, § 1 ("All persons born or naturalized in the United States, and subject to the

jurisdiction thereof, are citizens of the United States . . . ."); 8 U.S.C. § 1401(a) (conferring citizenship on "a person born in the United States, and subject to the jurisdiction thereof . . . .").

**[2]** Partap's unborn daughter did not meet the statutory definition of "child" in § 1101(b)(1) at the time of his hearing before the immigration judge, and the BIA therefore did not err in determining that the unborn child was not a qualifying relative for purposes of cancellation of removal.

**[3]** Partap also argues that the BIA abused its discretion in denying his motion for a remand after his daughter's birth on the ground that he failed to establish prima facie eligibility for cancellation of removal. However, because Partap did not tender any evidence showing "exceptional and extremely unusual hardship," the BIA did not abuse its discretion in declining to enter a remand order. *See Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (motions to reopen "must . . . be supported by affidavits or other evidentiary materials demonstrating *prima facie* eligibility for the relief sought"); *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008) ("The formal requirements of a motion to remand and a motion to reopen are the same.") (citation omitted).

**PETITION DENIED.**