**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J. RODRIGO RESENDIZ; PERLA GUADALUPE ALONZO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 05-74991 <br><br> Agency Nos.  A072-262-863 <br> A079-262-864 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 16, 2010
San Francisco, California

Before:  RIPPLE, RYMER and FISHER, Circuit Judges.[**]

J. Rodrigo Resendiz and Perla Guadalupe Alonzo, husband and wife and

natives and citizens of Mexico, petition for review of the Board of Immigration

Appeals' ("BIA") order denying their motion to reopen removal proceedings based

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable Kenneth F. Ripple, Senior Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

Even if petitioners' noncompliance with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), should be excused, they have not demonstrated any prejudice from their counsel's alleged ineffective assistance. The Immigration Judge and the BIA found that petitioners were ineligible for cancellation of removal because they could not show that their removal would cause exceptional and extremely unusual hardship to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). Even had petitioners' counsel filed a notice of appeal, we would have lacked jurisdiction to review the IJ's and BIA's finding. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005). And petitioners have not shown plausible grounds for relief on their underlying claim. *See Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir. 2006) (holding that when ineffective counsel deprives an alien of appellate proceedings the court "will find that a petitioner has been denied due process if he can demonstrate 'plausible grounds for relief' on his underlying claim" (quoting *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000)) (additional internal quotation marks and citations omitted)); *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (holding that a petitioner suffered no prejudice from ineffective

assistance of counsel when he presented no plausible grounds for relief); *see also*

*Partap v. Holder*, 603 F.3d 1173, 1174 (9th Cir. 2010) (per curiam) (explaining

that the hardship of an unborn child cannot serve as the basis for cancellation of

removal).

**PETITION DENIED.**