**NOT FOR PUBLICATION**

JUN 23 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR HUGO ROGEL-NAJERA, | No. 14-73723 |
| Petitioner, | Agency No. A095-766-833 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Victor Hugo Rogel-Najera, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen. *Mohammed v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Rogel-Najera's motion to reopen for failure to establish prima facie eligibility for cancellation of removal, where the evidence submitted did not show the required hardship to his new qualifying relative. *See Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) (a motion to reopen will not be granted unless it establishes a prima facie case for relief); *see also Partap v. Holder*, 603 F.3d 1173, 1175 (9th Cir. 2010) (no abuse of discretion in denying motion to remand to apply for cancellation after the birth of a U.S. citizen child where petitioner did not tender any evidence showing "exceptional and extremely unusual hardship"). We reject Rogel-Najera's contention that the BIA's reasoning was insufficient. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (the BIA adequately considered evidence and sufficiently announced its decision).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

In light of this disposition, we need not address Rogel-Najera's remaining contentions regarding the timeliness of his motion.

14-73723

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**