**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SIMON ORTEGA-VAZQUEZ, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | Nos. 13-72795       13-74116 Agency No. A205-321-010 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018**

Before: SILVERMAN, BEA, and WATFORD, Circuit Judges.

Simon Ortega-Vazquez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT") (no. 13-72795), and the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

BIA's order denying his motion to reopen (no. 13-74116). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings and we review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petitions for review.

The agency did not err in finding that Ortega-Vazquez failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'") (citation omitted); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding "returning Mexicans from the United States" did not constitute a particular social group). Further, substantial evidence supports the agency's determination that Ortega-Vazquez otherwise failed to establish that any harm he fears in Mexico would be on account of a protected ground. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (a personal dispute, standing alone, does not constitute

persecution based on a protected ground); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  Thus, Ortega-Vazquez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Ortega-Vazquez failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of Mexico.  *See Delgado-Ortiz*, 600 F.3d at 1152 (petitioners' generalized evidence of violence and crime was not particular to petitioners and was insufficient for relief under CAT).

Finally, the BIA did not abuse its discretion in denying Ortega-Vazquez's motion to reopen for failure to establish prima facie eligibility for cancellation of removal.  *See* 8 U.S.C. § 1229b(b)(1)(D); *Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) (a motion to reopen will not be granted unless it establishes a prima facie case for relief); *see also Partap v. Holder*, 603 F.3d 1173, 1175 (9th Cir. 2010) (no abuse of discretion in denying a motion to remand to apply for cancellation of removal where petitioner did not tender any evidence showing "exceptional and extremely unusual hardship").

**PETITIONS FOR REVIEW DENIED.**

3                                                                13-72795