**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



LUZ MARIA RAMIREZ-ALCARAZ,
AKA Maria Alcarez-Lopez,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 16-73212

Agency No. A091-684-734

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2019**
Phoenix, Arizona

Before: CLIFTON, IKUTA, and FRIEDLAND, Circuit Judges.

Luz Ramirez-Alcaraz, a native and citizen of Mexico, petitions for review of

the BIA's decision dismissing her appeal from an IJ's order, denying her

application for withholding of removal and protection under the Convention

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). She additionally asserts the BIA abused its discretion in denying her a continuance while her U-visa application was processed. We deny the petition.

Because all of Ramirez-Alcaraz's past persecution occurred in the United States, her eligibility for withholding of removal depended on her ability to demonstrate it is "more likely than not" she would be persecuted in Mexico on account of a protected ground. 8 C.F.R. § 1208.16(b)(2). The IJ denied her withholding of removal claim after making the dispositive finding that she "could avoid persecution by relocating to another part of Mexico, and, under all circumstances, it would be reasonable to expect her to do so." *See id.*; *Gonzalez-Medina v. Holder*, 641 F.3d 333, 337-38 (9th Cir. 2011). Ramirez-Alcaraz's testimony that her ex-husband could locate her anywhere in Mexico because of his connections to a cartel was speculative and unsupported, and no other evidence in the record suggests her husband would be able to find her anywhere in Mexico. Therefore, substantial evidence supports the BIA's conclusion that Ramirez-Alcaraz failed to demonstrate she could not reasonably relocate within Mexico to avoid future persecution, and her claim for withholding of removal accordingly fails. *See* 8 C.F.R. § 1208.16(b)(2); *Gonzalez-Medina*, 641 F.3d at 338.

Substantial evidence also supports the BIA's conclusion that Ramirez-Alcaraz failed to demonstrate it was more likely than not the Mexican government would torture her or acquiesce in her torture.[1]  8 C.F.R. § 1208.16(c)(2).  The absence of past persecution and her ability to relocate within Mexico are also relevant to this determination.  *Id.* § 1208.16(c)(3); *see also Edu v. Holder*, 624 F.3d 1137, 1145 (9th Cir. 2010) ("[T]he existence of past torture 'is ordinarily the principal factor on which we rely.'" (quoting *Nuru v. Gonzales*, 404 F.3d 1207, 1218 (9th Cir. 2005))).  The BIA concluded that Ramirez-Alcaraz's allegations that her ex-husband was a member of a drug cartel and would be able to locate her anywhere in Mexico were "unsubstantiated and speculative."  She was unsure what cartel he allegedly worked for and the only evidence she presented of her ex-husband's cartel connections was a single hearsay statement from 2014.  She admitted that her ex-husband had no connection with the Mexican government and that most of her knowledge of cartels came from talking with coworkers or watching the news.

---

[1]Contrary to Ramirez-Alcaraz's assertions, the BIA understood her primary fear was that her ex-husband would find and persecute her in Mexico and it fully addressed that argument on the merits.  The BIA did not err by also denying her claim to the extent it alleged a fear of general crime and violence.

Ramirez-Alcaraz contends the BIA abused its discretion by denying her a continuance while her U-visa application was processed. In the alternative, she asserts it erred by not remanding to the IJ to make the determination. We disagree.

To warrant either a continuance or remand to the IJ, Ramirez-Alcaraz was required to show she was prima facie eligible for a U-Visa. *See Matter of Sanchez Sosa*, 25 I. & N. Dec. 807, 813 (B.I.A. 2012); *Partap v. Holder*, 603 F.3d 1173, 1175 (9th Cir. 2010). In order to make this showing, Ramirez-Alcaraz needed to provide evidence she "has been, is being, or will be helpful to authorities investigating or prosecuting" a qualifying crime, usually in the form of a law enforcement certification signed by a designated law enforcement official. *Sanchez Sosa*, 25 I. & N. Dec. at 814. Because the only evidence Ramirez-Alcaraz submitted to the BIA was a receipt indicating her application was received, the BIA was unable to determine whether she was prima facie eligible for a U-Visa. We therefore conclude the BIA did not abuse its discretion by not remanding to the IJ or granting her a continuance.[2]

**PETITION FOR REVIEW DENIED**.

---

[2]We disagree that the BIA engaged in factfinding. The BIA is permitted to consider whether new evidence warrants remand. *See Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008); *Matter of Coelho*, 20 I. & N. Dec. 464, 471-73 (B.I.A. 1992).

4