**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CELIA TORRES-MEDINA, AKA Celia Torres, | No. 18-70215 |
| Petitioner, | Agency No. A200-975-675 |
| v. | MEMORANDUM[*] |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019[**]

Before:     FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Celia Torres-Medina, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for cancellation of removal,

and denying her motion to remand. Our jurisdiction is governed by 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to remand, and review de novo questions of law. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921, 923 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

Our jurisdiction to review the agency's discretionary hardship determination is limited to colorable questions of law or constitutional claims. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005). Torres-Medina's contention that the agency used an incorrect hardship standard is not supported, where the record shows the BIA properly conducted a future-oriented analysis. *See Figueroa v. Mukasey*, 543 F.3d 487, 497-98 (9th Cir. 2008) (agency must conduct a "future-oriented analysis" in determining whether "removal *would result* in an exceptional and extremely unusual hardship" to qualifying relatives) (emphasis in original). We also reject as unsupported Torres-Medina's contention that the agency failed to consider relevant factors regarding the Temporary Protected Status of the father of her qualifying relative son. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (holding the BIA adequately considered evidence and sufficiently announced its decision).

We lack jurisdiction to consider Torres-Medina's unexhausted contentions that her children remain under the continued supervision of the State of California, and hardship should therefore have been presumed by the agency. *See Zhang v.*

*Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (petitioner must sufficiently put the BIA on notice as to specific issues so that the BIA has an opportunity to pass on those issues).

To the extent Torres-Medina challenges the BIA's denial of her motion to remand, the BIA did not abuse its discretion in declining to remand, where the evidence submitted did not show the required hardship to her new qualifying relative. *See Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) (a motion to reopen will not be granted unless it establishes a prima facie case for relief); *see also Partap v. Holder*, 603 F.3d 1173, 1175 (9th Cir. 2010) (no abuse of discretion in denying motion to remand to apply for cancellation after the birth of a U.S. citizen child where petitioner did not tender any evidence showing requisite hardship).

Torres-Medina has waived her contention that the agency's removal order violates her children's constitutional rights. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**