NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ISMAEL CERDA MARQUEZ;<br>MARIA ISABEL CHAVEZ DIAZ,<br><br>Petitioners,<br><br>v.<br><br>ROBERT M. WILKINSON, Acting<br>Attorney General,<br><br>Respondent. | No. 20-70072<br><br>Agency Nos. A208-216-170<br>A208-216-171<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021**

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Jose Ismael Cerda Marquez and Maria Isabel Chavez Diaz, natives and

citizens of Mexico, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision

denying their motion to reopen removal proceedings.  We have jurisdiction under 8

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo questions of law. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen to apply for new relief, where petitioners had the opportunity to apply during their proceedings before the IJ, *see* 8 C.F.R. § 1003.2(c)(1), and where petitioners failed to demonstrate the plausible grounds for relief necessary to establish prejudice from the alleged ineffective assistance of former counsel*, see Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088-89 (9th Cir. 2015) (ineffective assistance of counsel did not result in prejudice where cancellation of removal was not a plausible ground for relief due to lack of hardship evidence); *Partap v. Holder*, 603 F.3d 1173, 1175 (9th Cir. 2010) (per curiam) (no abuse of discretion in denying motion to remand to apply for cancellation of removal where petitioner "did not tender any evidence showing exceptional and extremely unusual hardship") (internal quotation marks omitted); *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005) (requiring prejudice to state valid claim of ineffective assistance of counsel). In light of this disposition, we do not reach petitioners' remaining contentions regarding whether compliance with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), was necessary. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues

2 20-70072

unnecessary to the results they reach); *see also Iturribarria v. INS*, 321 F.3d 889, 901 (9th Cir. 2003) ("We cannot grant [the] petition, however, unless [petitioner] can demonstrate that [counsel's] allegedly deficient representation prejudiced his case.").

Petitioners' contention that the BIA erred in its legal analysis by citing to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and also providing its own review of the evidence and the law fails. *See Ali v. Holder*, 637 F.3d 1025, 1028-29 (9th Cir. 2011) (court reviews both the IJ and the BIA's decisions where the BIA cites *Burbano* and also provides its own review of the evidence and the law).

As stated in the court's February 19, 2020 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED**.