**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FELIPE DANIEL ESTEVEZ-JUAREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.     19-71838

Agency No. A205-312-883

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 19, 2022[**]

Before:      SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Felipe Daniel Estevez-Juarez, native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

review for abuse of discretion the denial of a motion to reopen.  *Bonilla v. Lynch*,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

840 F.3d 575, 581 (9th Cir. 2016). We review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Estevez-Juarez's motion to reopen to apply for cancellation of removal, where Estevez-Juarez failed to demonstrate prima facie eligibility for the relief sought. *See Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) (providing that a motion to reopen will not be granted absent a showing of prima facie eligibility for relief based on demonstrating "a reasonable likelihood that the statutory requirements for relief have been satisfied" (internal quotation marks and citation omitted)); *see also Partap v. Holder*, 603 F.3d 1173, 1175 (9th Cir. 2010) (per curiam) (no abuse of discretion in denying motion to remand to apply for cancellation of removal where petitioner "did not tender any evidence showing exceptional and extremely unusual hardship" (internal quotation marks omitted)).

We lack jurisdiction to consider the contentions Estevez-Juarez raises in his opening brief as to his second United States citizen child because he did not raise them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Estevez-Juarez's contentions that the BIA violated his right to due process fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.