**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRINIDAD MARTINEZ-ESPINDOLA, | No. 20-72133 |
| Petitioner, | Agency No. A208-967-399 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022**
San Francisco, California

Before: GOULD and RAWLINSON, Circuit Judges, and ADELMAN,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

Petitioner Trinidad Martinez-Espindola (Petitioner) is a native and citizen of Mexico. He seeks review of an order from the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his applications for asylum, withholding of removal, cancellation of removal, and relief under the Convention Against Torture (CAT).[1] He also petitions for review of the BIA's denial of his motion to remand. We **DISMISS** the petition in part and **DENY** the petition in part.

**1.** We lack jurisdiction to review the discretionary denial of Petitioner's application for cancellation of removal, because Petitioner has not raised a cognizable legal question concerning the determination that Petitioner failed to demonstrate the existence of "exceptional and extremely unusual hardship" to a qualifying relative. *Romero-Torres v. Ashcroft*, 327 F.3d 887, 891 (9th Cir. 2003) (citations omitted). We have jurisdiction over the remaining issues under 8 U.S.C. § 1252.

**2.** The BIA did not abuse its discretion in denying Petitioner's motion to remand. Despite the additional evidence proffered by Petitioner in support of his motion to remand, including the arrival of his stepdaughter, Petitioner "failed to

---

[1] The IJ denied Petitioner's application for CAT relief. Petitioner waived his challenge to this denial by failing to address it in his opening brief. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).

establish prima facie eligibility for cancellation of removal." *Partap v. Holder*, 603 F.3d 1173, 1175 (9th Cir. 2010).

**3.** Because the BIA adopted the decision by the Immigration Judge (IJ) denying Petitioner's applications for asylum and withholding of removal, "we review the IJ's decision as if it were that of the BIA." *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (citations omitted). "We review the IJ's findings of fact for substantial evidence and will uphold these findings if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole. . . ." *Id.* at 1039–40 (citation omitted).

Substantial evidence supports the IJ's determination that Petitioner failed to demonstrate that he filed an application for asylum within one year of his arrival into the United States, or that he qualifies for an exception to the one-year filing requirement. *See* 8 U.S.C. § 1158(a)(2)(B), (D); *see also Ramadan v. Gonzales*, 479 F.3d 646, 649-50, 657 (9th Cir. 2007) (per curiam). Petitioner failed to meet his burden of establishing that his failure to satisfy the one-year filing requirement was due to changed or extraordinary circumstances. *See Ramadan*, 479 F.3d at 657 (changed circumstances); *see also Dhital v. Mukasey*, 532 F.3d 1044, 1050 (9th Cir. 2008) (extraordinary circumstances).

**4.** Substantial evidence supports the IJ's denial of Petitioner's application for withholding of removal due to failure to establish nexus to a protected ground.

Petitioner's declaration stated that he was previously threatened by two uncles, and involved in a physical altercation with one of the uncles. As a result, he is afraid to return to Mexico. However, Petitioner's declaration and testimony demonstrated that the harm he experienced and the harm he fears are motivated by an inter-familial property dispute rather than on account of a protected ground. *See Molina-Morales v. I.N.S.*, 237 F.3d 1048, 1052 (9th Cir. 2001) (concluding that persecution motivated by a personal vendetta is not "on account of" a protected ground).

Petitioner also testified that he is afraid to return to Mexico because his return from the United States may lead to a perception that he is wealthy. He contends that this perception may motivate local gangs to kidnap or extort him. This claim fails to establish a clear probability of future persecution on account of a protected ground because his "proposed group of imputed wealthy Americans" is not a cognizable "particular social group." *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (citation and internal quotation marks omitted).

**PETITION DISMISSED** in part and **DENIED** in part.

4