**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JAN 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GILBERTO TAPIA-DOMINGUEZ, AKA Gilberto Tapia, <br><br>        Petitioner, <br><br>   v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br>        Respondent. | No. 19-72214 <br><br> Agency No. A200-153-952 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2023[**]
Pasadena, California

Before: CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

Gilberto Tapia-Dominguez (Tapia), a native and citizen of Mexico, petitions

for review of a Board of Immigration Appeals (BIA) decision dismissing his

appeal from an order of an immigration judge (IJ) denying his applications for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

cancellation of removal, withholding of removal,[1] and relief under the Convention Against Torture (CAT). Tapia also challenges the BIA's denial of his motion to remand his cancellation application to the IJ for consideration of new evidence.

Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions. *Aguilar Fermin v. Barr*, 958 F.3d 887, 891 (9th Cir. 2020). We review the agency's factual findings for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Legal questions— including "[w]hether the BIA has applied the correct standard of review" and whether a petitioner was afforded due process—are reviewed de novo. *Soto-Soto v. Garland*, 1 F.4th 655, 659 (9th Cir. 2021) (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012)); *Su Hwa She v. Holder*, 629 F.3d 958, 961 (9th Cir. 2010). Finally, we review the BIA's denial of a motion to remand for abuse of discretion. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005).

We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

---

[1] The IJ also denied Tapia's asylum claim as time-barred, and Tapia did not challenge this ruling. The claim is therefore abandoned. *See, e.g.*, *Rios v. Lynch*, 807 F.3d 1123, 1125 n.1 (9th Cir. 2015).

1. Tapia argues that jurisdiction never vested with the agency because the Notice to Appear (NTA) served upon him was missing the address of the immigration court where the NTA was to be filed.[2] *See* 8 C.F.R. §§ 1003.14(a), 1003.15(b). This argument is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192 (9th Cir. 2022) (en banc) ("The only sensible way to read 8 C.F.R. § 1003.14(a) . . . is as a docketing rule," and these "regulations [do][]not define the subject matter jurisdiction of immigration courts." (quoting *United States v. Cortez*, 930 F.3d 350, 362 (4th Cir. 2019)).

2. Tapia claims that the BIA applied the wrong standard of review to the IJ's decision denying his cancellation, withholding, and CAT claims. However, the BIA appropriately reviewed for clear error the IJ's predictive fact finding as to whether Tapia would likely be persecuted or tortured in the future if removed to Mexico for Tapia's withholding and CAT claims. *See Soto-Soto*, 1 F.4th at 661 (requiring clear error review of an IJ's "predictive fact finding"). And there is no indication in the record that the BIA applied the wrong standard of review for any of Tapia's legal conclusions, including, for example the cognizability of Tapia's proposed particular social groups. *See Zumel v. Lynch*, 803 F.3d 463, 475 (9th Cir.

---

[2] Although Tapia challenged the absence of only the time and date of the hearing before the BIA, his argument that the defective NTA deprived the agency of jurisdiction exhausted the present issue because it was "sufficient to put the BIA on notice of what was being challenged." *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020).

2015) (quoting 8 C.F.R. § 1003.1(d)(3)(ii)) (holding that the relevant regulations "permit the BIA to 'review questions of law, discretion, and judgment' de novo"). Finally, the BIA appropriately reviewed for clear error the IJ's "findings of fact concerning the hardship that his qualifying family members will likely face upon his removal to Mexico," and reviewed de novo the IJ's ultimate application of those facts to the "hardship issue" for Tapia's cancellation claim.

3.      Neither the IJ nor the BIA violated Tapia's due process rights. The record does not support Tapia's contention that the IJ ignored evidence; to the contrary, the IJ "consider[ed] all of the evidence" Tapia put forth. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) (Due process "does not require an IJ's decision to discuss every piece of evidence; it requires only that the IJ consider all evidence."). The BIA's decision rejecting Tapia's due process argument also provided sufficient clarity required for due process. *See She v. Holder*, 629 F.3d 958, 963 (9th Cir. 2010). As the BIA explained, the IJ provided petitioner with "a full and fair hearing [with] the opportunity to present evidence and testimony on [his] behalf." *Oshodi v. Holder*, 729 F.3d 883, 889 (9th Cir. 2013).

4.      Substantial evidence supports the BIA's denial of withholding relief. Tapia failed to adduce objective evidence demonstrating the requisite likelihood of future persecution. *Flores-Vega v. Barr*, 932 F.3d 878, 886–87 (9th Cir. 2019). Tapia was never persecuted in Mexico, and his evidence of past harm to his cousin,

4

coupled with generalized country conditions evidence of corruption and violence, does not compel the conclusion that Tapia is likely to be persecuted in the future. *See, e.g.*, *Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir. 2003).

5. Substantial evidence supports the BIA's denial of CAT relief. Tapia's CAT claim relies on the same evidence he cited to support his withholding claim, and that evidence does not compel the conclusion that Tapia will more likely than not be tortured if removed. *See, e.g.*, *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

6. The BIA did not abuse its discretion in denying Tapia's motion to remand to consider additional evidence. Tapia's single piece of new evidence—the birth certificate of his newborn daughter—does not establish prima facie eligibility for cancellation of removal. *See Partap v. Holder*, 603 F.3d 1173, 1175 (9th Cir. 2010).[3]

The petition for review is **DENIED.**

---

[3] To the extent Tapia is challenging the agency's underlying cancellation decision, and assuming statutory jurisdiction over that claim, *see De La Rosa-Rodriguez v. Garland*, 49 F.4th 1282, 1290 (9th Cir. 2022), any such claim would fail on the merits because Tapia's application is based on anticipated economic detriment to his children resulting from his removal, given his role as primary financial provider. *See id.* at 1291–92.