NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALEX RANGEL MONTEJO AKE,
AKA Alex Montejo-Rangel,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-70294

Agency No. A200-823-530

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2022**
San Francisco, California

Before: NGUYEN and KOH, Circuit Judges, and BATAILLON*** District Judge.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

Alex Rangel Montejo Ake ("Petitioner"), a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("Board"). As relevant here, the Board denied Petitioner's motion to terminate proceedings pursuant to *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and denied Petitioner's motion to reconsider and remand for consideration of a cancellation of removal claim under 8 U.S.C. § 1229b(b).[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[2]

We review the Board's denial of a motion to reconsider and remand for abuse of discretion. *See Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004); *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). The Board abuses its discretion if its decision is "arbitrary, irrational, or contrary to law." *Lopez-Galarza v. I.N.S.*, 99 F.3d 954, 960 (9th Cir. 1996) (citation omitted). The agency's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Thus, in order to reverse the Board, "we must determine that the evidence not only supports a contrary

---

[1] Petitioner does not appeal the Board's decision to dismiss his appeal of the Immigration Judge's denial of withholding of removal and protection under the Convention Against Torture, nor the Board's refusal to reopen proceedings *sua sponte*.

[2] As Petitioner concedes, our precedent forecloses his argument that a defective notice to appear ("NTA") deprives the immigration court of jurisdiction. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1190–94 (9th Cir. 2022) (en banc); *see also Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020).

conclusion, but compels it—and also compels the further conclusion that the petitioner meets the requisite standard for obtaining relief." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (cleaned up). "Where, as here, the [Board] adopts the [Immigration Judge's] decision while adding its own reasons, this court reviews both decisions." *Vahora v. Holder*, 641 F.3d 1038, 1042 (9th Cir. 2011).

To qualify for cancellation of removal, a person must demonstrate (1) continuous physical presence in the United States for ten years immediately prior to being served with a NTA; (2) good moral character; (3) that he is not subject to any other bar to eligibility on account of having certain criminal convictions; and (4) the existence of a U.S. citizen or lawful permanent resident spouse, parent, or child who would suffer exceptional and extremely unusual hardship if the person were removed. *See* 8 U.S.C. § 1229b(b)(1). The bar for cancellation of removal is high. *See In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 469–72 (BIA 2002).

The parties focus on the fourth requirement under § 1229b(b)(1). The Board found that Petitioner failed to produce sufficient evidence to make a prima facie showing that he could satisfy the exceptional and extremely unusual hardship requirement. On appeal, Petitioner argues that his two U.S.-citizen children would face violence when they accompany him to Mexico. But Petitioner cites only to evidence that he may face persecution upon return, not evidence of potential harm to his children. *See Partap v. Holder*, 603 F.3d 1173, 1175 (9th Cir. 2010) (per

3

curiam) (no abuse of discretion where petitioner fails to present sufficient evidence demonstrating the requisite hardship). Moreover, Petitioner's cancellation application indicates that his children would not accompany him to Mexico if his application were denied. Accordingly, the Board did not abuse its discretion in finding that Petitioner failed to make a prima facie showing of hardship.

**PETITION DENIED.**