**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JOEL HIGINIO ARAGON-VALDEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-4400

Agency No.
A209-805-873

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2025[**]
Phoenix, Arizona

Before: GRABER and BADE, Circuit Judges, and NAVARRO, District Judge.[***]

Petitioner Joel Higinio Aragon-Valdez, a native and citizen of Mexico,

timely seeks review of the Board of Immigration Appeals' ("BIA") decision

denying remand and dismissing Petitioner's appeal of an immigration judge's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Gloria M. Navarro, United States District Judge for the District of Nevada, sitting by designation.

("IJ") denial of withholding of removal and denial of protection under the regulations implementing the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. The BIA did not abuse its discretion by denying Petitioner's motion to remand. To succeed on a motion to remand, a petitioner must demonstrate "a reasonable likelihood that [he] would prevail on the merits if the motion to [remand] were granted." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023); *see Gonzalez-Lara v. Garland*, 104 F.4th 1109, 1115 (9th Cir. 2024) ("A motion to remand is akin to a motion to reopen."). Because Petitioner sought remand claiming he was eligible for cancellation of removal, he was required to demonstrate a reasonable likelihood of satisfying the requirements for that relief, including the requirement that "removal would result in exceptional and extremely unusual hardship to" a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). We review denials of motions to remand for abuse of discretion, and questions of law *de novo*. *Gonzalez-Lara*, 104 F.4th at 1111.

The BIA concluded that Petitioner had not demonstrated a reasonable likelihood of prevailing on his cancellation of removal application because he had neither argued nor supplied evidence of exceptional and extremely unusual hardship to his child. Petitioner submitted an application for cancellation of removal and a copy of his U.S. citizen son's birth certificate, but offered no other

23-4400

evidence to establish that his qualifying relative would face exceptional and extremely unusual hardship.  We have held that, where a "[petitioner] did not tender any evidence showing exceptional and extremely unusual hardship, the BIA did not abuse its discretion in declining to enter a remand order." *Partap v. Holder*, 603 F.3d 1173, 1175 (9th Cir. 2010) (per curiam) (internal quotation marks omitted).

2.  To qualify for withholding of removal, Petitioner must establish a nexus between the persecution feared and a statutorily protected ground.  *Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017).  Substantial evidence supports the BIA's determination that Petitioner failed to show such a nexus.  *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (reviewing for substantial evidence).  Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion.  *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992).  For withholding of removal, an applicant need show only that a "protected ground is 'a reason' for future persecution." *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (quoting *Barajas-Romero*, 846 F.3d at 359)).

Petitioner argues that he fears future persecution because he witnessed two murders, after which two of his relatives were killed by drug dealers.  But no one attempted to contact Petitioner or anyone in his family after the murders.

Moreover, the record supports an inference that the deaths of Petitioner's relatives were due to their own activities and were unrelated to Petitioner witnessing two murders as a bystander. Petitioner's fear of future harassment, revenge, or persecution by a criminal organization motivated by violence does not establish a connection to a protected ground.[1] *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

3. Substantial evidence also supports the BIA's determination that Petitioner failed to establish eligibility for protection under the CAT. *See Duran-Rodriguez,* 918 F.3d at 1028 (reviewing for substantial evidence). To demonstrate eligibility for withholding of removal under the CAT, Petitioner must show "that it is more likely than not that he would be tortured if removed to Mexico." *Id.* at 1029. Torture is defined as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

The BIA affirmed the IJ's determination that Petitioner was not eligible for CAT relief because Petitioner had not shown that, if he were returned to Mexico, he would more likely than not be tortured with the consent or acquiescence of a

---

[1] Because this determination is dispositive of withholding of removal eligibility, we need not address Petitioner's argument that the BIA erred in determining that Petitioner waived the issue of persecution.

public official. The evidence does not compel a contrary conclusion. Under the relevant considerations, *see* 8 C.F.R. § 1208.16(c)(3), Petitioner did not provide evidence that he would be targeted for torture by or with the acquiescence of government officials, and generalized assertions about country conditions are insufficient to compel the conclusion that Petitioner would face torture in Mexico. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022) (ruling that country conditions evidence acknowledging "crime and police corruption in Mexico generally" did not demonstrate that the petitioner faced a "particularized, ongoing risk of future torture").

**PETITION DENIED.**