NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YADIR FLORES-VARGAS,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 20-70855<br><br>Agency No. A088-092-420<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 18, 2026**

Before: BERZON and CHRISTEN, Circuit Judges, and BLOCK,*** District
Judge.

Petitioner Yadir Flores-Vargas, a native and citizen of Mexico, challenges

the Board of Immigration Appeals' ("BIA") order declining to remand his case to

the immigration judge ("IJ") for a chance to apply for adjustment of status and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Frederic Block, United States District Judge for the
Eastern District of New York, sitting by designation.

affirming the IJ's denial of cancellation of removal.

We review the BIA's denial of a motion to remand for abuse of discretion. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). Because the BIA adopted the IJ's reasoning, *see Sinha v. Holder*, 564 F.3d 1015, 1019–20 (9th Cir. 2009), we review for substantial evidence the IJ's determination that the facts do not satisfy the "exceptional and extremely unusual hardship" standard for cancellation of removal, *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). For the following reasons, we deny the petition for review.

1. The BIA did not abuse its discretion by declining to remand Flores-Vargas's case to the IJ based on his asserted eligibility for adjustment of status. To succeed on a motion to remand, a petitioner must establish prima facie eligibility for the relief sought. *Partap v. Holder*, 603 F.3d 1173, 1175 (9th Cir. 2010) (per curiam). Flores-Vargas is not eligible for adjustment of status unless a "visa is *immediately available* to [him] at the time the application is filed." 8 U.S.C. § 1255(i)(2)(B) (emphasis added). A visa is immediately available only when the applicant's priority date is earlier than the "final action" date for the relevant family preference category, as shown on the current State Department visa bulletin. *See* 8 C.F.R. §§ 245.1(g)(1), 1245.1(g)(1); *see also Babaria v. Blinken*, 87 F.4th 963, 974 (9th Cir. 2023). When the BIA denied remand, Flores-Vargas's priority date, April 28, 2001, was not earlier than the final action date for his family

2                                                                                          20-70855

preference category. As a visa was not immediately available to him, he was not prima facie eligible for adjustment of status. Accordingly, the BIA properly concluded that Flores-Vargas did not meet the standard for remand.[1]

2.     Substantial evidence supports the BIA's and IJ's determination that Flores-Vargas's qualifying relatives—his lawful permanent resident mother and his two U.S. citizen children—would not suffer "exceptional and extremely unusual hardship" resulting from his removal. 8 U.S.C. § 1229b(b)(1)(D). To meet the statutory standard, "the hardship must be out of the ordinary and exceedingly uncommon." *Gonzalez-Juarez*, 137 F.4th at 1006.

The IJ reasonably concluded that any hardship to Flores-Vargas's mother would not rise to the level necessary to qualify for cancellation. Flores-Vargas testified that he lives with and cares for his mother, who has various medical ailments. The IJ found that if Flores-Vargas were removed, his mother would need to relocate but would continue to receive medical care in the United States, and his three lawfully present siblings could adequately care for her even though she would prefer Flores-Vargas to be her caretaker. The record thus supports the IJ's conclusion that any hardship to Flores-Vargas's mother would not be extreme or

---

[1] To the extent Flores-Vargas argues that his "apparent eligibility" for adjustment of status required the IJ to continue his removal proceedings to allow his priority date to come current, he did not appeal the IJ's continuance denial to the BIA and so did not exhaust that issue. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

exceedingly uncommon.

As to Flores-Vargas's sons, the record also supports the IJ's determination that any financial hardship or change in their lifestyle would not be exceptional or extremely unusual. The IJ found that if Flores-Vargas were removed and his two sons stayed in the United States, the children could suffer some financial hardship, but they would continue attending school, and his son Jaydin would continue receiving medical care for asthma. The IJ also found that if the children accompanied Flores-Vargas to Mexico, the asserted hardship would also be financial: Flores-Vargas might not find a job and fears he would not be able to afford or obtain asthma medication for Jaydin. Flores-Vargas did not present evidence that the medication would be financially unavailable to his child or hard to find in Mexico. Absent such evidence, the IJ reasonably concluded that the asserted emotional or financial hardship to his children was not "substantially beyond that which would ordinarily result from an alien's removal."

Accordingly, substantial evidence supports the BIA's and IJ's denial of cancellation on hardship grounds.

**PETITION DENIED.**[2]

---

[2] The government's motion to file its supplemental brief late is granted. Flores-Vargas's motion to stay removal is denied, and the temporary administrative stay of removal is lifted.