**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE GUADALUPE ESPINOZA-ROSALES,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No.   20-71170<br><br>Agency No. A209-805-575<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 19, 2026[**]
Tucson, Arizona

Before: HAWKINS, HURWITZ, and DESAI, Circuit Judges.

Jose Espinoza-Rosales seeks review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen, which he sought to apply for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Espinoza-Rosales's primary argument—that both we and the immigration court below lack jurisdiction because the Notice to Appear did not include all of the information required by 8 U.S.C. § 1229(a)—is foreclosed by our en banc decision in *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1190–93 (9th Cir. 2022) (en banc) ("[D]efects in an NTA . . . have no bearing on an immigration court's adjudicatory authority.").

Espinoza-Rosales also argues that the BIA "unreasonably delayed adjudication" of his motion for seventy-six days, but he cites no law or regulation requiring the BIA to act within a specific time frame, let alone sooner than it did. *See Mendez-Garcia v. Lynch*, 840 F.3d 655, 666 (9th Cir. 2016) ("[P]rocedural delays, such as routine processing delays, do not deprive aliens of a substantive liberty or property interest unless the aliens have a legitimate claim of entitlement to have their applications adjudicated within a specified time." (internal quotation and citation omitted)).

Finally, we reject Espinoza-Rosales's argument that the BIA abused its discretion in denying the motion to reopen because it was unopposed. *See Limsico v. INS*, 951 F.2d 210, 213 (9th Cir. 1991) (concluding the BIA did not abuse its discretion in denying unopposed motion to reopen). A petitioner seeking reopening must "establish prima facie eligibility for the relief sought," *Gonzalez-Lara v. Garland*, 104 F.4th 1109, 1116 (9th Cir. 2024), and the BIA concluded that

Espinoza-Rosales did not meet the requirements for cancellation of removal. *See Partap v. Holder*, 603 F.3d 1173, 1175 (9th Cir. 2010) (per curiam) (finding no abuse of discretion in denying motion to reopen where petitioner did not establish exceptional and extremely unusual hardship). Espinoza-Rosales did not meaningfully challenge this conclusion in his opening brief and thus forfeited the issue. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

**PETITION DENIED.**[1]

---

[1] The stay of removal will be vacated on issuance of the mandate.