NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 7 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS ANGEL RAMIREZ BARRAGAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   18-72891

Agency No. A208-967-444

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 18, 2022
San Francisco, California

Before:  GOULD and RAWLINSON, Circuit Judges, and ZIPPS,** District Judge.

Luis Angel Ramirez Barragan ("Petitioner") petitions for review of the

Board of Immigration Appeals' ("BIA") denial of his application for protection

under the Convention Against Torture ("CAT") and denial of his motion for

remand.  Because the parties are familiar with the facts and procedural history of

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The Honorable Jennifer G. Zipps, United States District Judge for the
District of Arizona, sitting by designation.

the case, we do not recite them here.

We review factual findings regarding a petitioner's claim for protection under the CAT for substantial evidence. *Lopez v. Sessions*, 901 F.3d 1071, 1074 (9th Cir. 2018). "We review the BIA's denial of a motion to reopen and remand for abuse of discretion" and "[t]he BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to law." *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (internal quotation omitted). We review *de novo* whether a group constitutes a particular social group. *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014).

1.      Substantial evidence supports the BIA's determination that Petitioner did not qualify for protection under the CAT. To qualify for protection under the CAT, a petitioner must show that "it is more likely than not that he or she would be tortured if removed." 8 C.F.R. § 208.16(c)(2); *see also Pirir-Boc*, 750 F.3d at 1085. Torture requires the intentional infliction of severe pain or suffering "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1282 (9th Cir. 2001) (quoting 8 C.F.R. § 208.18(a)(1)).

Here, as the Immigration Judge ("IJ") found and the BIA upheld, Petitioner provides no evidence that Mexican government officials instigated, consented, or acquiesced in his uncle's kidnapping. Nor does he give any evidence that he

2

would be targeted for kidnapping because of his family connection to his uncle. Petitioner's fear of torture on account of his tattoos is based on generalized evidence of violence and gang recruitment in Mexico. Petitioner's "generalized evidence of violence and crime in Mexico," is insufficient "to establish prima facie eligibility for protection under the CAT." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

2. The BIA properly exercised discretion in denying Petitioner's request for remand to delineate his proposed social group. The hearing before the IJ elicited sufficient information to determine Petitioner's asserted social group, *see Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (BIA 2018), and the IJ's decision correctly identified Petitioner's proposed social group as "returning Mexicans from the United States." We have held that this proposed social group "is too broad to qualify as a cognizable social group." *Delgado-Ortiz*, 600 F.3d at 1151–52.

3. The BIA did not err in denying Petitioner's motion to remand to seek cancellation relief because Petitioner did not demonstrate sufficient hardship to a qualifying family member. Petitioner has at least one young child who is a U.S. citizen and qualifies as a relative under 8 U.S.C. § 1229b(b)(1)(D). But standing alone, having one or more young children who are U.S. citizens does not satisfy the "exceptional and extremely unusual hardship" exception to withholding of

removal. *See Partap v. Holder*, 603 F.3d 1173, 1175 (9th Cir. 2010). Petitioner did not present additional information about a qualifying family member, such as medical concerns or learning disabilities, that might permit relief under this exception.

**PETITION FOR REVIEW DENIED.**